IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAUL C. ZAPATA,

       Applicant,

v.                                                                              No. CIV 07-1177 WJ/LFG

MICHAEL HEREDIA, Warden,
and GARY K. KING, Attorney General
of the State of New Mexico,

       Respondents.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1.      This is a proceeding on a petition for writ of habeas corpus under 28 U.S.C. § 2254, filed November 16, 2007. [Doc. 1]. Respondents filed an Answer [Doc. 24] on March 6, 2008, denying Petitioner Raul C. Zapata's ("Zapata's") claims and arguing that the petition should be dismissed without prejudice for failure to exhaust the claims. Zapata currently is confined at the Southern New Mexico Correctional Facility in Las Cruces, New Mexico.[2]

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

[2] Because of Zapata's numerous, frivolous pleadings in this case, the Court required Zapata to obtain court approval before filing additional pleadings. [Doc. 18.] If Zapata continued to submit pleadings, the Clerk of the Court was directed to return the pleadings to Zapata without filing them. [Doc. 18.] With respect to these recommendations, however, Zapata is advised that he may file objections without obtaining prior court approval and that the objections will be filed.

2.	On about June 5, 2007, a jury found Zapata guilty of one count of aggravated assault against a household member with a deadly weapon.  Zapata also was found to be an habitual offender with one prior felony conviction.  [Doc. 24, Exhibits.]   He was sentenced to a term of imprisonment of three years and six months, but received credit for 662 days of pre-sentence confinement, etc. [Doc. 24, Ex. A., p. 2.]

3.	As grounds for federal review, Zapata brings a number of claims, some of which are difficult to decipher.  According to Respondents' interpretation of the petition, Zapata intends to assert several ineffective assistance of counsel claims, based on Zapata's possible suicide attempt that was not disclosed to the jury, defense counsel's failure to call a witness and defense counsel's disregard of a 32-page letter from Zapata to counsel concerning what actions should be taken at trial. Zapata also asserts that a number of employees of the Bernalillo County Metropolitan Detention Center have improperly held him in jail and have deprived him of medical, rehabilitative and psychological care.

4.	In their Answer, Respondents assert that Zapata neither raised these claims on appeal nor in a state habeas petition.  Thus, the claims are unexhausted and the § 2254 petition should be dismissed, without prejudice, thereby allowing Zapata to attempt to exhaust available state court remedies.

**Procedural History**

5.	On November 5, 2007, a Judgment, Sentence and Commitment was filed.  [Doc. 24, Ex. A, State v. Zapata, No. CRCR 2005-04178, Second Judicial District Court, County of Bernalillo.]

6.    According to the New Mexico State Court docket sheet (printed January 23, 2008), Zapata neither filed an appeal nor a state habeas petition, subsequent to entry of the Judgment. [Doc. 24, Ex. G.]

7.    Notwithstanding the contents of the detailed state court docket sheet, Zapata contends in his federal habeas petition that he appealed the judgment of conviction but had "not received result, and have asked [trial counsel] several times to send me my copies." [Doc. 1, p. 3.] Zapata also asserted in his petition that he filed a post-conviction petition in the Second Judicial District Court, "Supreme Court in Santa Fe, Appeals, Attorney General" and that "nothing happened." In that supposed proceeding, Zapata allegedly raised claims of "false imprisonment, and violation of my U.S. Constitutional Federal/State rights, American With Disabilities, Mental Emotional Issues, Shot Self?". [Doc. 1, p. 3.] Although he received no results from having filed that petition, Zapata asserts he appealed the matter to the Court of Appeal and that there were again no results.[3]

### Exhaustion of State Remedies

8.    Title 28 U.S.C. § 2254 provides that habeas relief shall not be granted unless:

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

---

[3] It is possible that Zapata confuses a direct appeal and a state habeas petition with the many federal civil rights complaints he already has filed in federal district court. To date, Zapata has filed seven civil rights complaints. Some of the complaints have been dismissed or denied on appeal, some are still pending before the courts, and some are on appeal to the Tenth Circuit Court of Appeals. *See, e.g.,* No. CIV 06-952 MCA/KBM; No. CIV 06-981 JB/LCS; No. CIV 06-1108 MCA/KGM; No. CIV 06-1200 WJ/CG; No. CIV 07-130 WJ/RLP; No. CIV 07-518 BB/RHS; and No. CIV 07-519 RB/WPL.

28 U.S.C. § 2254(b)(1).  Absent exceptional circumstances, a federal court will not entertain habeas claims until the petitioner has exhausted available state court remedies.  Rose v. Lundy, 455 U.S. 509, 515-16, 102 S.Ct. 1198 (1982).

9. Stated differently, a federal court may consider a petition for writ of habeas corpus only after the petitioner first presents his claims to a state court and exhausts his state remedies, unless "there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A).  "A claim has been exhausted when it has been 'fairly presented' to the state court", either by direct review of the conviction or in a post-conviction attack.  Bland v. Sirmons, 459 F.3d 999, 1011 (10th Cir. 2006 (internal citation omitted), *cert. denied*, 127 S.Ct. 2117 (2007); Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).   "Fair presentation means that the petitioner has raised the substance of the federal claim in state court."  Bland, 459 F.3d at 1011 (internal citation omitted).

10. In addition, the Tenth Circuit has held that a state prisoner does not fully exhaust state remedies without timely seeking certiorari review with the state supreme court.  Barnett v. LeMaster, 167 F.3d 1321, 1323 (10th Cir. 1999) (*citing* Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992)); Watson v. State of New Mexico, 45 F.3d 385, 387 (10th Cir. 1995).  A state prisoner bringing a federal habeas petition bears the burden of showing he exhausted state remedies.  Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir.), *cert. denied*, 506 U.S. 924, 113 S.Ct. 347 (1992).

11. Strict enforcement of the exhaustion requirement encourages habeas petitioners to exhaust all of their claims in state court and to present a single habeas petition to federal court.  Id. Rose, 455 U.S. at 520.  In so doing, the district court will be more likely to review all of the claims in a single proceeding and provide a more focused and thorough review.  Id.  Exhaustion may be

waived if "state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions"or if there is an inordinate or unjustifiable delay for which the state is responsible.  Bartone v. United States, 375 U.S. 52, 54, 84 S.Ct. 21 (1963) (*per curiam)*; Lane v. Richards, 957 F.2d 363, 365 (7th Cir.), *cert. denied*, 113 S.Ct. 127 (1992).

12. Here, Zapata has not shown that he exhausted state remedies.  His conclusory allegations in the habeas petition do not demonstrate exhaustion, particularly in view of the recently printed state court docket sheet that does not indicate Zapata filed a direct appeal of his conviction or a state habeas petition.  Further, Zapata failed to show an absence of available State corrective process or existing circumstances that render such process ineffective to protect his rights.  Finally, there is no evidence of exceptional circumstances that would allow Zapata to proceed with his federal habeas petition without exhausting available state remedies.

### Recommended Disposition

13. That Respondents' request [Doc. 24] to dismiss Zapata's petition, without prejudice for failure to exhaust, be GRANTED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge