IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAUL C. ZAPATA,

       Applicant,

v.                                                                                   No. CIV 07-1177 WJ/LFG

MICHAEL HEREDIA, Warden,
and GARY K. KING, Attorney General
of the State of New Mexico,

       Respondents.

**MAGISTRATE JUDGE'S AMENDED FINDINGS[1]**
**AND RECOMMENDED DISPOSITION[2]**

**Findings**

1.       This is a proceeding on a petition for writ of habeas corpus under 28 U.S.C. § 2254, filed November 16, 2007. [Doc. 1]. Respondents filed an Answer [Doc. 24] on March 6, 2008, denying Petitioner Raul C. Zapata's ("Zapata's") claims and arguing that the petition should be

---

[1] These findings are amended after consideration of Respondents' supplemental brief and attachments [Doc. 35] that the Court ordered in response to objections filed by Zapata. While the recommended disposition remains the same, some of the findings have been amended to reflect recent information provided by the Respondents.

[2] Within ten (10) days after a party is served with a copy of these amended findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such amended findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

dismissed without prejudice for failure to exhaust the claims. Zapata currently is confined at the Southern New Mexico Correctional Facility in Las Cruces, New Mexico.[3]

    2.    On about June 5, 2007, a jury found Zapata guilty of one count of aggravated assault against a household member with a deadly weapon. Zapata also was found to be an habitual offender with one prior felony conviction. [Doc. 24, Exhibits.] He was sentenced to a term of imprisonment of three years and six months, but received credit for 662 days of pre-sentence confinement, etc. [Doc. 24, Ex. A., p. 2.]

    3.    As grounds for federal review, Zapata brings a number of claims, some of which are difficult to decipher. According to Respondents' interpretation of the petition, Zapata intends to assert several ineffective assistance of counsel claims, based on Zapata's possible suicide attempt that was not disclosed to the jury, defense counsel's failure to call a witness and defense counsel's disregard of a 32-page letter from Zapata to counsel concerning what actions should be taken at trial. Zapata also asserts that a number of employees of the Bernalillo County Metropolitan Detention Center have improperly held him in jail and have deprived him of medical, rehabilitative and psychological care.

    4.    In their Answer, Respondents initially asserted that Zapata neither raised these claims on appeal nor in a state habeas petition. Thus, Respondents, asked that the § 2254 petition be dismissed, without prejudice, thereby allowing Zapata to attempt to exhaust available state court remedies.

---

[3] Because of Zapata's numerous, frivolous pleadings in this case, the Court required Zapata to obtain court approval before filing additional pleadings. [Doc. 18.] If Zapata continued to submit pleadings, the Clerk of the Court was directed to return the pleadings to Zapata without filing them. [Doc. 18.] With respect to these amended recommendations, however, Zapata is advised that he may file objections without obtaining prior court approval and that the objections will be filed.

5.     Based on Objections filed by Zapata [Doc. 26], however, the Court issued an Order requiring Respondents to submit an additional response. [Doc. 27.] The supplemental brief was to address Zapata's allegations that he had attempted to file a direct appeal but that the courts continually refused to accept his filings, or that he had instructed his trial attorney to file an appeal, but his attorney failed to follow instructions. The Court's Order also asked for a current list of the docket entries from the underlying state court criminal proceeding.

6.     On May 29, 2008, Respondents filed their response to Zapata's objections and explained, *inter alia*, that Zapata's Notice of Appeal was filed with the New Mexico Court of Appeals, on April 23, 2008.[4] The appeal was assigned a case number of 28,501, and is presently pending. [Doc. 35, Ex. L, M.] The Court of Appeals issued an Order, on April 23, 2008, requiring trial counsel for Zapata to file a docketing statement by May 19, 2008, and to show cause in writing why he should not be held in contempt for failing to file a docketing statement. [Doc. 35, Ex. L, p. 5.] The Court of Appeals also ordered appointment of the Public Defender Appellate Division to represent Zapata on appeal. As of May 29, 2008, when Respondents filed their supplemental brief with the Court, it did not appear that Zapata's trial attorney had responded to the Court of Appeal's directive. In any event, Zapata's direct appeal is pending. Thus, Respondents again ask that the § 2254 petition be dismissed, without prejudice, based on failure to exhaust available state court remedies due to Zapata's pending appeal. [Doc. 35.]

---

[4]The Court of Appeals' Order states that Zapata filed a *pro se* notice of appeal on February 8, 2008. [Doc. 35, Ex. M, ¶ 2.]

**Procedural History**

7.      On November 5, 2007, a Judgment, Sentence and Commitment was filed. [Doc. 24, Ex. A, State v. Zapata, No. CRCR 2005-04178, Second Judicial District Court, County of Bernalillo.]

8.      Based on recently filed information, Zapata filed a Notice of Appeal in February 2008, that is pending in the New Mexico Court of Appeals. [Doc. 35, Ex. L, M.] According to the attachments to Respondents' supplemental brief, Zapata also filed a number of post-conviction motions in state district court, either on February 8, or February 14, 2008. [Doc. 35, Ex. D, E, F, G, H, I.] Most of the pleadings were characterized as motions to amend the judgment and sentence. On February 15, 2008, the Second Judicial District Court entered a single Order summarily dismissing Zapata's "Motion to Amend Judgment and Sentence, Notice of Audit and Amend Judgment and Sentence." [Doc. 35, Ex. J.] It is not entirely clear if that single Order disposed of all of Zapata's pending state court motions. Subsequent to the February 15, 2008 Order, Zapata filed additional motions, apparently in state court. Most, if not all of those, according to the docket sheet, appear to have been denied on May 9, 2008.[5] [Doc. 35, Ex. K.]

**Exhaustion of State Remedies**

9.      Title 28 U.S.C. § 2254 provides that habeas relief shall not be granted unless:

(A)     the applicant has exhausted the remedies available in the courts of the State; or

---

[5]It is not surprising that the docket entries in this federal lawsuit and the state court proceedings are confusing. Zapata is a prolific filer, and many of the pleadings are difficult to decipher. In addition, it appears that Zapata confuses a direct appeal and a state habeas petition with the many federal civil rights complaints he already has filed in federal district court. To date, Zapata has filed seven civil rights complaints. Some of the complaints have been dismissed or denied on appeal, some are still pending before the courts, and some are on appeal to the Tenth Circuit Court of Appeals. *See, e.g.,* No. CIV 06-952 MCA/KBM; No. CIV 06-981 JB/LCS; No. CIV 06-1108 MCA/KGM; No. CIV 06-1200 WJ/CG; No. CIV 07-130 WJ/RLP; No. CIV 07-518 BB/RHS; and No. CIV 07-519 RB/WPL.

      (B)      (i) there is an absence of available State corrective process; or

                  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Absent exceptional circumstances, a federal court will not entertain habeas claims until the petitioner has exhausted available state court remedies. Rose v. Lundy, 455 U.S. 509, 515-16, 102 S.Ct. 1198 (1982).

      10.      Stated differently, a federal court may consider a petition for writ of habeas corpus only after the petitioner first presents his claims to a state court and exhausts his state remedies, unless "there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A). "A claim has been exhausted when it has been 'fairly presented' to the state court", either by direct review of the conviction or in a post-conviction attack. Bland v. Sirmons, 459 F.3d 999, 1011 (10th Cir. 2006 (internal citation omitted), *cert. denied*, 127 S.Ct. 2117 (2007); Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). "Fair presentation means that the petitioner has raised the substance of the federal claim in state court." Bland, 459 F.3d at 1011 (internal citation omitted).

      11.      In addition, the Tenth Circuit has held that a state prisoner does not fully exhaust state remedies without timely seeking certiorari review with the state supreme court. Barnett v. LeMaster, 167 F.3d 1321, 1323 (10th Cir. 1999) (*citing* Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992)); Watson v. State of New Mexico, 45 F.3d 385, 387 (10th Cir. 1995). A state prisoner bringing a federal habeas petition bears the burden of showing he exhausted state remedies. Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir.), *cert. denied*, 506 U.S. 924, 113 S.Ct. 347 (1992).

12. Strict enforcement of the exhaustion requirement encourages habeas petitioners to exhaust all of their claims in state court and to present a single habeas petition to federal court. Id. Rose, 455 U.S. at 520. In so doing, the district court will be more likely to review all of the claims in a single proceeding and provide a more focused and thorough review. Id. Exhaustion may be waived if "state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions"or if there is an inordinate or unjustifiable delay for which the state is responsible. Bartone v. United States, 375 U.S. 52, 54, 84 S.Ct. 21 (1963) (*per curiam)*; Lane v. Richards, 957 F.2d 363, 365 (7th Cir.), *cert. denied*, 113 S.Ct. 127 (1992).

13. Here, it is now clear, based on recent information, that Zapata's direct appeal is still pending before the New Mexico Court of Appeals. Thus, until the appeal is resolved (including a timely petition for certiorari, if the appeal is denied), Zapata has not yet exhausted state remedies.

**Recommended Disposition**

14. That Respondents' request [Doc. 24, 35] to dismiss Zapata's petition, without prejudice, for failure to exhaust, be GRANTED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge