IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAUL C. ZAPATA,

       Applicant,

v.                                                           No. CIV 07-1177 WJ/LFG

MICHAEL HEREDIA, Warden,
and GARY K. KING, Attorney General
of the State of New Mexico,

       Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S AMENDED FINDINGS AND RECOMMENDED DISPOSITION AND DISMISSING ACTION, WITHOUT PREJUDICE

THIS MATTER is before the Court on the Magistrate Judge's Amended Findings and Recommended Disposition, filed May 30, 2008 [Doc. 36], recommending that Respondents' request to dismiss Raul C. Zapata's ("Mr. Zapata") § 2254 petition be granted and that the petition be dismissed, without prejudice, for failure to exhaust state remedies.

On March 18, 2008, the Magistrate Judge issued an earlier set of proposed findings and recommendations that Mr. Zapata's petition be dismissed for failure to exhaust. [Doc. 25.] Mr. Zapata filed objections to the earlier findings, and the Magistrate Judge required a supplemental brief regarding some of the issues raised by Mr. Zapata in his objections. [Doc. 26, 27.] On May 29, 2008, Respondents filed a supplemental brief and updated the Court on the current status of the pertinent underlying state court proceedings. [Doc. 35.]

1

The recent information provided by Respondents as of May 29, 2008, indicated that Mr. Zapata's direct appeal had been accepted by the New Mexico Court of Appeals and was still pending. Because the appeal was unresolved, the Magistrate Judge issued amended findings and a recommendation that Mr. Zapata's § 2254 petition be dismissed, without prejudice, for failure to exhaust state court remedies.

On June 19, 2008, Mr. Zapata filed objections to the Magistrate Judge's amended findings and recommendation. [Doc. 37.] The Court conducted a *de novo* review of those portions of the Magistrate Judge's findings and recommended disposition to which Mr. Zapata objections.

Mr. Zapata's pleadings are generally difficult to decipher. In this set of objections, Mr. Zapata apparently raises issues concerning the "effect of procedural default from ineffectiveness of counsel." [Doc. 37, p. 1.] Mr. Zapata also asserts that he filed a *pro se* notice of appeal indicating his intention to pursue his right to appeal his criminal conviction, even though trial counsel purportedly did not follow Mr. Zapata's instructions. Mr. Zapata further states that Respondents are misleading the Court and argues, rather nonsensically, that the Court may appoint a special master or guardian to verify what actions were taken by Mr. Zapata's state court trial attorney.

In the objections, Mr. Zapata also re-argues many of the positions he asserted in previous pleadings, including that the Court should declare his conviction "null and void" and that he be given a new trial. Notably missing from Mr. Zapata's objections are any references to specific portions of the Magistrate Judge's amended findings and recommendations to which he objects.

In essence, Mr. Zapata's objections essentially re-argue the same positions he asserted in earlier pleadings, all of which the Magistrate Judge carefully considered and rejected in his amended

findings and recommended disposition. To the extent that Mr. Zapata's pleading contains actual objections to the Magistrate Judge's amended recommendations, those objections are overruled.

The Court observes that as long as Mr. Zapata has a direct appeal pending and has not had the opportunity to file a timely petition for writ of certiorari (if the appeal is denied), Mr. Zapata has not exhausted state court remedies. Thus, the § 2254 petition must be dismissed, without prejudice, for failure to exhaust. *See* Rose v. Lundy, 455 U.S. 509, 515-16, 102 S.Ct. 1198 (1982) (absent exceptional circumstances, a federal court will not entertain habeas claims until the petitioner has exhausted available state court remedies).

Therefore, the Court agrees with the Magistrate Judge's proposed amended findings and recommendation that Mr. Zapata's § 2254 petition be dismissed, without prejudice, for failure to exhaust state court remedies.

IT IS HEREBY ORDERED that the amended findings and recommended disposition of the United States Magistrate Judge are adopted by the Court and that Mr. Zapata's objections are overruled.

IT IS FURTHER ORDERED that Petitioner Raul C. Zapata's § 2254 petition [Doc. 1] and the action are dismissed, without prejudice.

_____
UNITED STATES DISTRICT COURT