IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAUL C. ZAPATA,

        Petitioner,

  vs.                                      No. CIV 07-1177 WJ/LFG

MICHAEL HEREDIA, Warden, and
GARY K. KING, Attorney General
of the State of New Mexico,

        Respondents.

## ORDER DENYING MOTIONS

THIS MATTER comes before the Court on two documents filed by Petitioner Raul C. Zapata ("Zapata"). The first document, titled "Writ of Supervisory Control!" was filed May 27, 2009 and docketed as a Petition for Writ of Supervisory Control [Doc. 48]; the second document, titled "Requesting Emergency Order for Help ..." was filed June 30, 2009 and was docketed as a Motion for Order (Emergency Order for Help) [Doc. 49]. The Court denies both motions.

Zapata filed his Petition under 28 U.S.C. § 2254 on November 16, 2007 [Doc. 1]. He continued to file voluminous pleadings in the case, many of which were confusing and nearly incomprehensible. On January 24, 2008, District Judge William P. Johnson entered an Order in which he denied without prejudice two of Zapata's motions, and ordered Zapata not to file any additional pleadings in the case without prior Court approval. Judge Johnson also directed the Clerk of the Court to return further submissions from Zapata without filing, unless Zapata had sought and received permission to file. [Doc. 18, at 3].

On January 29, 2008, Judge Johnson filed another Order [Doc. 21] noting that, prior to entry

of the January 24 Order, Zapata had filed two additional motions that were not addressed in the earlier Order. In Doc. 21, Judge Johnson denied without prejudice both of the new motions, noting they were "virtually unintelligible and do not appear to seek relief this Court can grant." He again advised Zapata that the Court would not accept any further submissions from him without prior approval.

Zapata continued to file documents in violation of these Orders. On May 20, 2008, the undersigned Magistrate Judge entered two Orders [Docs. 33, 34], one of these overruling as moot certain improper objections filed by Zapata, the other denying his "Amended Notice of Objection"; in both orders, the Court reminded Zapata that his pleadings would not be accepted without prior court approval.

The case proceeded, and on June 20, 2008, Judgment was entered in favor of Respondents. [*See* Docs. 39, 40]. Zapata's petition was dismissed for failure to exhaust state remedies, as an appeal of Zapata's conviction was still pending before the New Mexico Court of Appeals. Zapata appealed this ruling to the United States Court of Appeals for the Tenth Circuit. On March 17, 2009, the Court of Appeals entered its order dismissing the appeal, agreeing with this Court's ruling that Zapata had failed to exhaust his state remedies. [*See* Doc. 47].

Two months later, Zapata filed the document entitled "Writ of Supervisory Control!" Again, it is unclear what sort of relief Zapata seeks from this Court. He appears to argue that the United States District Court has authority to order "lower courts," apparently referring to the District Court for the State of New Mexico and/or the New Mexico Court of Appeals, to "correct erroneous rulings." [Doc. 48, at 3].

This Court has no supervisory authority over the New Mexico state courts, and to the extent Zapata's filing is construed as a petition or motion asking this Court to order the state courts to take

some action, that request is denied. To the extent Zapata is attempting to revive the arguments raised in his federal habeas petition, he is advised that the federal petition has been dismissed for failure to exhaust remedies, and this case is closed. If Zapata wishes to file a new habeas petition, he may do so but must wait until complete exhaustion of his remedies of direct appeal and habeas corpus in the state courts. In any event, he may not file any further documents in this terminated case.

The second document filed by Zapata is titled, in part, "Requesting Emergency Order for Help, pursuant to issue II ct. app. Reversal and Remand." [Doc. 49]. In this document, he refers *inter alia* to a state habeas proceeding, to some action taken by the Court of Appeals (presumably, the New Mexico Court of Appeals), to claims of ineffective assistance of counsel, and to an illegal sentence. Again, it is unclear what Zapata is asking this Court to do. To the extent Zapata seeks the same sort of federal habeas relief as was sought in the motion for a Writ of Supervisory Control, the request is denied for the same reason that his Petition for Writ of Supervisory Control was denied.

Also in this second document, Zapata makes allegations that his constitutional rights have been violated during his incarceration. He alleges that his stomach is swollen and he is bleeding internally and that he has been denied proper medical care at the correctional facility where he is currently housed. [*See* Doc. 49, at 2]. An assertion of denial of proper medical treatment cannot be addressed in a federal habeas corpus proceeding; such claims can only be addressed in an appropriate lawsuit under 42 U.S.C. § 1983.

## **Order**

IT IS THEREFORE ORDERED that Zapata's Petition for Writ of Supervisory Control [Doc. 48] is denied.

IT IS FURTHER ORDERED that Zapata's Motion for Order (Emergency Order for Help)

[Doc. 49] is denied.

IT IS FURTHER ORDERED that no further filings will be permitted from Petitioner in this action without approval by the Court.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge